HUNTER *v.* CITY OF LAKEWOOD ET AL.

(Decided February 3, 1930.)

*Messrs. Gott, Bloomfield & Orr, Mr. Lewis Drucker* and *Mr. Harold M. Metcalf,* for plaintiff in error.

*Mr. Robert G. Curren,* for defendant in error.

VICKERY, P. J. This action came into this court on a petition in error to the common pleas court of

Cuyahoga county; the purpose being to reverse a judgment for the defendant, the city of Lakewood, rendered by the granting of a motion to direct a verdict at the close of the plaintiff's testimony.

From the record, briefs, and arguments of counsel, we learn that the plaintiff below, Jane D. Hunter, the plaintiff in error here, was riding as a passenger in an automobile owned and driven by her adult son on Hilliard road in the city of Lakewood, and at the junction of Hilliard road and Riverside drive was injured, as it is claimed, by reason of the automobile in which she was riding being driven into an excavation in the street, which injury, resulting from such accident, was the basis for her claim of right to recover.

Plaintiff in the action sues the city of Lakewood and a contractor by the name of E. R. Courey. It seems that Courey had a contract for the excavation and putting in of a sewer at the place where it is claimed this accident took place, and whatever was done to the street, and whatever defects there were in the street, were caused by Courey under and by virtue of this contract which he had with the city of Lakewood, in which he undertook to make the improvement. The record shows that Courey had been excavating and putting in a sewer at this particular spot, and that barricades had been placed in the street by him to prevent drivers of automobiles and other vehicles on the street from going into the trench that was made by him; that he rightfully had possession of the street, or so much of it as was necessary for him to make the improvement, which was being done in accordance with law under a contract with the city of Lakewood; that as a part of the

contract Courey gave a bond to the city, which is in the record, and which in effect provided that said Courey was to hold the said city of Lakewood harmless by reason of any accidents that might occur through any default upon his part while the street was in the course of improvement. It is important to bear this in mind.

The evidence in this case shows that on the day on which the accident occurred Courey claims to have finished this part of the work, and rather inferentially admits that he had taken away the barricades, but not until the work had been completed and finished, and, as near as we can get at it, that was done somewhere around 9:30 or 10 o'clock in the morning of the day on which the accident occurred. In this connection it was the duty of Courey, the contractor, to fill up the excavation made by him and to tamp it down so that vehicles could ride over it in safety, and subsequently the pavement was to be replaced over the excavation.

It seems that the strip which had been utilized by Courey for the purpose of an excavation in which to lay the sewer was two feet wide. His testimony is to the effect that, before he took away the barricades on the morning of the day on which the accident occurred, he had satisfied himself that he had filled the excavation, and had tamped it down so that it would bear the weight of automobiles.

Later in the day, about 5 o'clock, the plaintiff was a passenger in a car being driven by her son past this place, and she claims she was precipitated into an excavation that was two feet wide and a couple of feet deep, leaving it to be inferred that it was into the trench on which the contractor Courey had been

working, and in her suit it is sought to hold the city because of its statutory liability to keep the streets open, in repair, and free from nuisance.

Now the importance of keeping these facts in mind will at once be seen when it is learned that during the progress of this litigation the plaintiff settled her claim against Courey for a certain amount of money, which Courey agreed to, and I believe did, pay her for any negligence upon his part. At the same time she reserved and saved her rights, whatever she may have had, against the city of Lakewood. This is important in this case because it must be remembered that Courey and the city of Lakewood were not joint tort-feasors. If Courey was responsible, he would be responsible because it was his duty to guard, by barricading or otherwise, the street that he was rightfully improving, in such manner as to notify pedestrians or vehicular drivers of the dangerous situation, and, if he failed in this respect, and left an excavation in the street not properly guarded, he would be liable for it. His liability, then, would grow out of his *negligence* in leaving an excavation unguarded in the street. The city of Lakewood had no participation in this. If the city were liable, it would be liable because of a statute making it liable for an obstruction in the street or a defect in the street.

It is not claimed in this case that the city of Lakewood made this excavation. On the other hand, if there was an excavation, the record shows it must have been made by Courey. Now the city, unless it makes the excavation or puts the obstruction in the street, is not liable, unless it has *notice* of such fact, and such notice may be either actual or constructive.

An actual notice must be brought home to some officer of the city of Lakewood who has such matters in charge. Now there is no evidence of any actual notice to the city of Lakewood, or to any of its officers, whether connected with the department of streets or otherwise.

Now, then, is there any constructive notice? It was argued in this case that the contract had been completed by the contractor, and that he had turned the street over to the city of Lakewood. We doubt whether this is borne out by the evidence, but the contractor's own testimony is that, when he took away these obstructions on the forenoon of the day on which the accident occurred, he left that part of the street that he had excavated in such a condition that automobiles, in his judgment, might safely pass over it. Then there was no excavation there of any kind. He said he thought the surface was hard enough to hold up traffic, and, if he notified the city at all, which is rather doubtful, this was as much a part of his notice as the other was. Then, for all intents and purposes, there was no excavation on the street, and there was nothing to call the city's attention to as such excavation.

Now, then, when did this excavation occur, if it occurred at all? There is no evidence in the record upon the subject of the excavation except that of the son, the driver of the automobile. He said he had been going by there two or three times a week for some time, and that when he went along in the morning everything was all right, and the barricades were up, and that in the afternoon, at 5:30, when he drove back he went into this excavation.

While this is rather a busy part of Lakewood,

there is no other evidence in this record to show that there was any excavation. Was the dirt piled in so loosely that when he drove on this particular spot the wheels of his automobile sank in it? If it was, there was nothing to call the attention of the city of Lakewood to it, and, therefore, not having actual notice, under such condition there could be no constructive notice.

The question is asked: If the contractor fails to do his duty, if he misrepresents the situation to the city of Lakewood, does not the plaintiff or party injured have any remedy? Of a surety she has a remedy, but it is against the contractor and not against the city of Lakewood, unless it created the nuisance, or had actual knowledge of the defect being there, or unless it had been there to such an extent that it must be assumed it had knowledge of it.

Now there is nothing in this record to show that the city of Lakewood had notice, either actual or constructive. There is nothing in this record that would arouse anybody's suspicion that there was a hole in the street at this point. The city had let a contract to an independent contractor, and, while he says he had completed his work, yet the record shows that the city of Lakewood had not accepted the work, nor was he discharged, and therefore the street was still under his control, and he must have recognized his liability in settling with the plaintiff.

We do not know to what extent the plaintiff was injured. I believe the contractor paid her a substantial sum, but whatever damages she suffered she could have recovered from the contractor.

We now come to an important question to be considered. The record in this case shows that the con-

tractor had given a bond to the city of Lakewood to indemnify it for all damages that might accrue to any person injured by reason of the contractor making this improvement. Now that was a contingent liability upon the contractor. The contractor was primarily liable, and the city of Lakewood only incidentally liable, and if the city were held it could recover over against the contractor. Now the plaintiff could have found out the relation between the contractor and the city of Lakewood, and, when she settled with the contractor, and reserved any rights she had against the city of Lakewood by reason of the contract between the city of Lakewood and the contractor, whatever rights she had against the city of Lakewood she would likewise have against the contractor. In other words, if she should recover from the city of Lakewood, the contractor would be again compelled to pay when he had a release from her from all further liability. There was an actual and a contingent liability on the part of the contractor; actual for any negligence that was caused by him, and contingent so far as the city of Lakewood was concerned if it was called upon to pay anything.

Now in settling a case of that character with the contractor it strikes us that the claim against the city of Lakewood, if there was any, was thereby released. As already stated, these were not joint tortfeasors. Their obligation rested upon two different theories: One, that of negligence, and the other upon a statute making the city liable for the repair of its streets.

We think that in this case the settling with Courey likewise settled the case against the city of Lakewood, if plaintiff had any case; but from the whole

record there is not a scintilla of evidence in the record that would tend to make the city of Lakewood liable. This being the situation of this record when the motion was made at the close of the plaintiff's testimony, the court could do no other than to grant the motion and direct a verdict for the city of Lakewood.

There being no error in this record that would warrant us in disturbing the finding of the court, the judgment will be affirmed.

*Judgment affirmed.*

SULLIVAN and LEVINE, JJ., concur.